# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 18, 2023

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Kenneth M. Karas, U.S.D.J.
300 Quarropas Street, Courtroom 521
White Plains, NY 10601-4150

      *Re:*    **Huerta,** *et al.* **v. J.D. Workforce, Inc.,** *et al.*
             <u>**Case No.: 7:23-cv-5382 (KMK) (AEK)**</u>

Dear Judge Karas:

      This office represents the Defendants J.D. Workforce, Inc., Hamwattie Bissoon, and Steven Deane (collectively hereinafter the "Defendants") in the above-referenced case.  <u>See</u> ECF Docket Entry <u>21</u>.  Defendants submit this letter motion in accordance with ¶ 2(A) of this Court's Individual Rules of Practice to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss the sixth cause of action in the complaint for lack of subject matter jurisdiction Rule 12(b)(1) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), and the entire complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Defendants provide the basis of their anticipated motion below.

**<u>Relevant Background</u>**

      On June 26, 2023, Plaintiffs Jose Huerta ("Huerta"), Vinicio Mera ("Mera"), and Jose Florez ("Florez") (Huerta, Mera, and Florez collectively hereinafter the "Plaintiffs") filed the instant case asserting causes of action under: (i) the Fair Labor Standards Act ("FLSA") for unpaid overtime wages; (ii) the New York Labor Law ("NYLL") for unpaid overtime wages; (iii) the NYLL for failure to timely pay wages; (iv) the NYLL for failure to furnish "payroll notices;" (v) the NYLL for failure to provide wage statements; and (vi) the New York State Human Rights Law ("NYSHRL") for disability discrimination and failure to accommodate.  <u>See</u> ECF Docket Entry <u>1</u>.

**<u>This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim</u>**

      Huerta alleges he "regularly" worked seventy-eight (78) hours per week at $17.00 per hour for "all hours worked."  <u>See</u> ECF Docket Entry <u>1</u> at ¶¶ 44, 46.  Huerta claims, without any factual details in support, that he was paid only his "regular rate" for hours worked in excess of forty (40) hours per week.  <u>See</u> <u>Id.</u> at ¶ 46.  Mera and Florez make similar allegations, i.e., that Mera "regularly" worked fifty-seven (57) hours per week at $12.50 or $14.00 per hour, and that Florez worked "regularly" worked seventy-one (71) hours per week at $14.00 per hour.  <u>See</u> <u>Id.</u> at ¶¶ 63, 65 (Mera); <u>see also</u> <u>Id.</u> at ¶¶ 69, 71 (Florez).

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiffs fail to remotely meet the plausibility standard required to state a claim for their wage-and-hour causes of action. They each fail to identify a single week in which they worked and were not paid overtime wages. Accordingly, his wage-and-hour claims must be dismissed for failure to state a claim upon which relief can be granted.

**This Court Should Decline to Exercise Supplemental Jurisdiction over the State Law Claims**

The only basis for this Court to have subject matter jurisdiction is the federal question posed by Plaintiffs' FLSA claims. See 28 U.S.C. § 1331. Indeed, although Huerta asserts that he will seek to amend the complaint to add claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), there is currently no cause of action under Title VII in the complaint. See Docket Entry 1.

Huerta alleges that he was discriminated against based on his disability and there was a failure to accommodate his disability despite the fact he was offered another position, which he rejected. It must be noted that Huerta claims in one breath that he is similarly situated to all other employees for his wage-and-hour claims, but then claims he was singled out and discriminated against in another breath for his discrimination claims. Huerta cannot have it both ways.

In any event, Defendants respectfully submit that this Court should decline to exercise supplemental jurisdiction over Huerta's discrimination claim in this case. When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III.'" See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction ... exists whenever there is a claim 'arising under [federal law],' *and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"* (quoting U.S. Const. art. III, § 2) (emphasis added))).

Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

Here, the only federal claims raised arise under the FLSA. As such, only the NYLL claims for unpaid overtime may properly form the basis for having a relationship to the FLSA claims for identical issues. Consequently, the remaining state law claims – recordkeeping violations and alleged failure to timely pay under the NYLL, as well as Huerta's discrimination claim under the NYSHRL – have absolutely nothing to do with Plaintiffs' wage-and-hour claims.

Because there is no common nucleus of operative facts between Huerta's discrimination claim and Plaintiffs' wage-and-hour claims, there exists no supplemental jurisdiction over Huerta's discrimination claim.

Accordingly, this Court must dismiss all but the first two (2) causes of action because the remaining four (4) causes of action have absolutely no bearing on Plaintiff's federal wage-and-hour claims and can in no way be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact."

**Plaintiff's Discrimination Claims Fail to State a Claim for Relief In Any Event**

Even if this Court were to decide the discrimination claim on the merits (which it should not), it must nonetheless be dismissed for failure to state a claim.

Indeed, for those claims, Plaintiff fails to allege any adverse employment action such that an inference can be made that it is related to his alleged disability. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Defendants offered Plaintiff work but Plaintiff refused to accept the position. See ECF Docket Entry 1 at ¶¶ 49-60. See Stryker v. HSBC Sec. (USA), No. 16-CIV.-9424 (JGK), 2020 WL 5127461, at *12 (S.D.N.Y. Aug. 31, 2020) (dismissing NYCHRL failure to accommodate claim where defendant demonstrated that it had offered a reasonable alternative accommodation and that plaintiff's proposed alternative was not reasonable).

For the foregoing reasons, Defendants request a pre-motion conference be scheduled. Defendants also respectfully reserve the right to move for dismissal on any additional grounds concerning Plaintiff's claims discovered in the continuing investigation of Plaintiff's claims.

Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
       September 18, 2023        Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*J.D. Workforce, Inc.*
*Hamwattie Bissoon,*
*and Steven Deane*

**VIA ECF**
Katz Melinger PLLC
Katherine Morales, Esq.
370 Lexington Avenue, Suite 1512
New York, NY 10017-0045
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
kymorales@katzmelinger.com

*Attorneys for Plaintiffs*
*Jose Huerta,*
*Vinicio Mera,*
*and Jose Florez*

**VIA ECF**
Allyn & Fortuna LLP
Attn: Nicholas Fortuna, Esq.
1010 Avenue of the Americas
Suite 302
New York, NY 10018-0023
nfortuna@allynfortuna.com

*Attorneys for Defendants*
*Marav USA LLC d/b/a Bingo Wholesale*
*and David Weiss*

4