# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 31, 2023

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Kenneth M. Karas, U.S.D.J.
300 Quarropas Street, Courtroom 521
White Plains, NY 10601-4150

      *Re:*    **Huerta,** *et al.* **v. J.D. Workforce, Inc.,** *et al.*
             **Case No.: 7:23-cv-5382 (KMK) (AEK)**

Dear Judge Karas:

      This office represents the Defendants J.D. Workforce, Inc., Hamwattie Bissoon, and Steven Deane (collectively hereinafter the "Defendants") in the above-referenced case.  See ECF Docket Entry 21.  Defendants submit this renewed letter motion in accordance with ¶ 2(A) of this Court's Individual Rules of Practice to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss the sixth cause of action in the complaint for lack of subject matter jurisdiction Rule 12(b)(1) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), and the entire complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Defendants provide the basis of their anticipated motion below.

**Relevant Background**

      On June 26, 2023, Plaintiffs Jose Huerta ("Huerta"), Vinicio Mera ("Mera"), and Jose Florez ("Florez") (Huerta, Mera, and Florez collectively hereinafter the "Plaintiffs") filed the instant case asserting causes of action under: (i) the Fair Labor Standards Act ("FLSA") for unpaid overtime wages; (ii) the New York Labor Law ("NYLL") for unpaid overtime wages; (iii) the NYLL for failure to timely pay wages; (iv) the NYLL for failure to furnish "payroll notices;" (v) the NYLL for failure to provide wage statements; and (vi) the New York State Human Rights Law ("NYSHRL") for disability discrimination and failure to accommodate.  See ECF Docket Entry 1.

      On August 30, 2023, Defendants appeared by counsel.  See ECF Docket Entry 21.  On September 18, 2023, Defendants moved by letter for a pre-motion conference.  See ECF Docket Entry 24.  On September 25, 2023, Plaintiffs submitted their letter response to Defendants' letter motion and indicated they seek to amend the complaint in accordance with this Court's Individual Rules of Practice.  See ECF Docket Entry 27.  That very day, this Court issued an Order directing Plaintiffs to file an amended complaint by October 17, 2023.  See ECF Docket Entry 28.  On October 17, 2023, Plaintiffs timely filed their amended complaint.  See ECF Docket Entry 30.  It adds a cause of action under the Americans with Disabilities Act ("ADA").  Id. at sixth cause of action.  There is also a new Plaintiff, Borja.  There are no other substantive changes to the allegations in support of the wage-and-hour causes of action.

**This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim**

Huerta alleges he "regularly" worked seventy-eight (78) hours per week at $17.00 per hour for "all hours worked." See ECF Docket Entry 30 at ¶¶ 46, 48. Huerta claims, without any factual details in support, that he was paid only his "regular rate" for hours worked in excess of forty (40) hours per week. See Id. at ¶ 48. Mera and Florez make similar allegations, i.e., that Mera "regularly" worked fifty-seven (57) hours per week at $12.50 or $14.00 per hour, and that Florez worked "regularly" worked seventy-one (71) hours per week at $14.00 per hour. See Id. at ¶¶ 66, 68 (Mera); see also Id. at ¶¶ 72, 74 (Florez). Finally, Borja also alleges that she "regularly" worked thirty-five-and-a-half (35.5) to fifty (50) hours per week at $13.50 or $14.00 per hour.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiffs yet again fail to remotely meet the plausibility standard required to state a claim for their wage-and-hour causes of action. They each fail to identify a single week in which they worked and were not paid overtime wages. They do so despite being placed on notice of these deficiencies. Accordingly, their wage-and-hour claims must be dismissed for failure to state a claim upon which relief can be granted.

**This Court Should Dismiss Huerta's ADA Claim for Failure to Exhaust Administrative Remedies**

Heurta alleges he filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue on September 19, 2023 and September 20, 2023. See ECF Docket Entry 30 at ¶¶ 5-6, Exhibit 1. Although he does not reference *when* he filed his charge(s) with the EEOC, the notices of right to sue both state: "[l]ess than 180 days have elapsed since the filing date." Id.

Plaintiff never availed himself – and Defendants were never given an opportunity to – engage in any process by which the Plaintiff could exhaust his administrative remedies.

The Second Circuit has held that "[a]s a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." See Hardaway v. Hartford Public Works Department, 879 F.3d 486, 489 (2d Cir. 2018).  A claimant must *exhaust* administrative remedies through the EEOC before bringing ADEA and Title VII claims to federal court. See Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (emphasis added).

In this case, to Defendants' knowledge, they have received notice of Huerta's EEOC charge.  Even if they had, Defendants were deprived of an opportunity to engage in the process with the EEOC that Plaintiff is required by statute to follow.

Based on the foregoing, this Court should dismiss Huerta's ADA claim without prejudice to permit him to actually exhaust administrative remedies as required by law.  Plaintiff should not be permitted to proceed to suit merely by marking a milestone or giving facetime to an administrative agency without actually going through with its 180-day conciliation period; numerous courts have held that doing so violates Congress' intent that the EEOC retain primary jurisdiction over a claim for 180 days.  See Martini v. Federal Nat. Mortg. Ass'n, 178 F.3d 1336 (D.C. Cir. 1999); Spencer v. Banco Real, S.A., 87 F.R.D. 739 (S.D.N.Y. 1980);[1] Loney v. Carr-Lowrey Glass Co., 458 F. Supp. 1080 (D. Md. 1978); Grimes v. Pitney Bowes, Inc., 480 F. Supp. 1381 (N.D. Ga. 1979); Mills v. Jefferson Bank East, 559 F. Supp. 34 (D. Colo. 1983).

What the Plaintiff did here flouts the very purpose of the requirement to exhaust administrative remedies.  By seeking a right to sue letter before Plaintiff could have an opportunity to resolve this dispute at the EEOC, he sought an end-around a very important rule designed to hold at bay the floodgates to federal court litigation.  It is respectfully submitted that this request was made in bad faith, in response to Defendants' initial letter motion for a pre-motion conference, and this Court should halt Huerta's dash to its doorstep.

Accordingly, this Court must dismiss the ADA claim for failure to exhaust administrative remedies and dismiss the state law discrimination claim for lack of supplemental jurisdiction as it has no bearing on Plaintiffs' federal wage-and-hour claims and can in no way be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact."

---

[1] The Hon. Michael Mukasey, U.S.D.J. disagreed with these holdings in Figueira v Black Entertainment Tel., Inc., 944 F. Supp. 299, 307 (S.D.N.Y. 1996) ("The same logic applies here. The purpose of the 180–day period in § 2000e−5(f)(1) is to provide the EEOC with a period of exclusive jurisdiction. That period is intended to promote efficiency because Congress considered administrative tribunals presumptively better than courts at resolving employment discrimination claims. However, forcing the EEOC to retain exclusive jurisdiction when it determines that it likely will not act results in the same "extraordinary inefficiency" decried and avoided by the Court in Commercial Office Prods.[, 486 U.S. 107, 121 (1988)].  However, the Hon. Loretta Preska recently declined to follow Figueira and held in Gibb v. Tapestry, Inc. that the EEOC's issuance of an early right-to-sue letter presents "a jurisdictional deficiency requiring suspension and a remand of plaintiff's Title VII claims to the EEOC." See No. 18-CIV.-6888 (LAP), 2018 WL 6329403 (Dec. 3, 2018) (citing Henschke v. New York Hosp.-Cornell Med. Ctr., 821 F. Supp. 166, 169-71 (S.D.N.Y. 1993) (holding that an early right-to-sue letter is invalid)).

For the foregoing reasons, Defendants request a pre-motion conference be scheduled. Defendants also respectfully reserve the right to move for dismissal on any additional grounds concerning Plaintiff's claims discovered in the continuing investigation of Plaintiff's claims, and because Defendants are unable to fit any additional bases in support of their anticipated motion to dismiss within the three (3) page limit afforded under this Court's Individual Rules of Practice.

Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
October 31, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Emanuel Kataev, Esq.*_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*J.D. Workforce, Inc.*
*Hamwattie Bissoon,*
*and Steven Deane*

**VIA ECF**
Katz Melinger PLLC
Katherine Morales, Esq.
370 Lexington Avenue, Suite 1512
New York, NY 10017-0045
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
kymorales@katzmelinger.com

*Attorneys for Plaintiffs*
*Jose Huerta,*
*Vinicio Mera,*
*Jose Florez, and*
*Elvia Borja*

**VIA ECF**
Allyn & Fortuna LLP
Attn: Nicholas Fortuna, Esq.
1010 Avenue of the Americas
Suite 302
New York, NY 10018-0023
nfortuna@allynfortuna.com

*Attorneys for Defendants*
*Marav USA LLC d/b/a Bingo Wholesale*
*and David Weiss*