# KATZMELINGER

370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

Katherine Morales
Katz Melinger PLLC

t: 212.460.0047
f: 212.428.6811
kymorales@katzmelinger.com

November 7, 2023

**Via ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York

    Re:    **Huerta, et al. v. J.D. Workforce, Inc., et al. Civil Action No. 7:23-cv-5382**

Dear Judge Karas:

    Our office represents Jose Huerta, Vinicio Mera, Jose Florez, and Elvia Borja ("Plaintiffs") in this matter, and we submit this letter in opposition to the letter filed by defendants J.D. Workforce, Inc., Hamwattie Bissoon, and Steven Deane ("JDW Defendants") on October 31, 2023, seeking a pre-motion conference in anticipation of a motion to dismiss (Dkt. No 33)[1].

    By way of background, Plaintiffs filed an Amended Complaint ("AC") on October 17, 2023 (Dkt. No. 30), alleging putative collective and class actions against defendants for failure to pay overtime wages under the FLSA and NYLL; failure to timely pay wages under NYLL; and failure to provide payroll notices and wage statements under NYLL. Huerta also alleges disability discrimination claims under the ADA and NYSHRL. Huerta had previously filed a charge of discrimination related to his ADA claim with the EEOC on July 7, 2023, and on September 19 and September 20, the EEOC issued right to sue letters. *See* AC, Exhibit 1.

A. The Court Should Deny JDW Defendants' Request to Move to Dismiss Plaintiffs' Wage and Hour Claims for Failure to State a Claim[2]

    In order to state a plausible overtime claim under the FLSA, Plaintiffs must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013). To satisfy this standard, Plaintiffs are not required to "keep careful records and plead their hours with mathematical precision"; however, the standard requires that Plaintiffs provide "complaints with sufficiently developed factual allegations." *Id.* at 90. The pleading standard applicable to overtime claims under the NYLL is analytically identical to those under the FLSA. *Nam v. Ichiba Inc.*, 2021 WL 878743, at *6 (E.D.N.Y. Mar. 9, 2021).

---

[1] The remaining defendants in this matter filed an Answer to the Complaint on October 31, 2023. Dkt. No. 32.
[2] JDW Defendants' arguments in support of their request that Plaintiffs' "wage and hour claims" be dismissed address solely Plaintiffs' overtime claims under the FLSA and NYLL. JDW Defendants have not provided any basis for dismissal of Plaintiffs' remaining wage and hour claims under the NYLL.

Case 7:23-cv-05382-KMK    Document 34    Filed 11/07/23    Page 2 of 3

Hon. Kenneth M. Karas
November 7, 2023
Page 2

JDW Defendants argue that Plaintiffs do not state a claim because they "fail to identify a single week in which they worked and were not paid overtime wages." JDW Defendants' arguments are frivolous and misrepresent the allegations reflected in the AC. As an initial matter, the Second Circuit has made clear that plaintiffs need not list each specific week during which they worked more than 40 hours per week. *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 117 (2d Cir. 2023) ("The pleading standard is satisfied, however, if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during every week in which they worked their regular schedule.").

Further, contrary to JDW Defendants' arguments, Huerta, Mera, and Florez have each provided a detailed schedule of their weekly work hours during their employment, which amounted to 78 hours, 57 hours, and 71 hours per week, respectively, and further alleged that they were paid at the same regular rate of pay for all hours worked per week, including all hours worked in excess of 40 per week. *See* AC ¶¶ 46, 48, 66, 68-69, 72, 74. Similarly, Borja has provided a detailed schedule of her work hours and identified those specific periods during which her work hours amounted to 50 hours per week and further alleged that during these periods she was compensated at the same regular rate of pay for all hours worked, including all hours worked in excess of 40 per week. *Id.* at ¶¶ 77-83, 85-86. These allegations are sufficient to adequately plead claims for unpaid overtime wages under the FLSA and NYLL, even under the cases cited by JDW Defendants themselves. *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (affirming dismissal of FLSA overtime claims where, unlike here, plaintiffs did not identify at least one week when they worked more than 40 hours per week); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (dismissing FLSA and NYLL overtime claims where, unlike here, plaintiffs merely alleged they were not paid for overtime hours worked without any allegation that plaintiffs were scheduled to work for more than 40 hours per week); *Dejesus*, 726 F.3d at 89 (dismissing FLSA and NYLL overtime claims where plaintiff did not estimate her work hours in any given week and where the complaint was devoid of numbers to consider beyond those plucked from the FLSA).

Therefore, JDW Defendants' request to move to dismiss Plaintiffs' overtime claims under the FLSA and NYLL for failure to state a claim should be denied in its entirety.

B. The Court Should Deny JDW Defendants' Request to Move to Dismiss Huerta's ADA Claim for Failure to Exhaust Administrative Remedies and Huerta's NYSHRL Claim for Lack of Supplemental Jurisdiction

JDW Defendants contend Huerta failed to exhaust his administrative remedies with respect to his ADA claim because the EEOC issued right to sue letters less than 180 days from when Huerta filed his charge of discrimination. Section 2000e-5(f)(1) governs the process by which an "aggrieved" person can bring a civil action after receiving a right to sue letter. There is nothing in this statute that prohibits the EEOC from issuing an early right to sue letter. *See Germain v. Nielsen Consumer LLC*, No. 1:22-CV-1314-GHW, 2023 WL 1818627, at *7 (S.D.N.Y. Feb. 8, 2023) ("Section 2000e-5(f)(1) does not prohibit the issuance of right to sue letters before the expiration of the 180-day period following the filing of the charge."); *see also, Hernandez v. Premium Merch. Funding One, LLC*, 19-CV-1727 (WHP), 2020 WL 3962108, at *11 (same); *Figueira v. Black Ent. Television, Inc.*, 944 F. Supp. 299, 305 (S.D.N.Y. 1996) (same). Indeed, "[e]very court of appeals

Case 7:23-cv-05382-KMK   Document 34   Filed 11/07/23   Page 3 of 3
Case 7:23-cv-05382-KMK   Document 35   Filed 11/08/23   Page 3 of 3

Hon. Kenneth M. Karas
November 7, 2023
Page 3

that has considered Section 2000e-5(f)(1) has agreed that it does not bar the issuance of right-to-sue letters before the expiration of the 180-day period..." *Germain*, 2023 WL 1818627, at *7 (citing cases). Moreover, the EEOC has promulgated 29 C.F.R. § 1601.28(a)(2), which expressly permits the EEOC to issue early right to sue letters if the EEOC has determined that it is probable that it will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge. *Id.* Several courts in this Circuit have found that this regulation does not conflict with the language of Section 2000e-5(f)(1) or its purposes to ensure that parties are not required to wait indefinitely for administrative action. *Id.* at 10 (citing cases).

Here, Huerta properly exhausted his administrative remedies. Specifically, Huerta filed a charge of discrimination with the EEOC and the EEOC issued right to sue letters on September 19 and 20, which expressly certify that "the Commission's processing of [Huerta's] charge will not be completed within 180 days from the filing date." AC, Exhibit 1. Further, the majority of cases relied upon by JDW Defendants are from outside this Circuit, and thus not controlling on this Court. The remaining cases cited by JDW Defendants have not been followed by other courts in this District. *See Germain*, 2023 WL 1818627, *at *8* (disagreeing with *Gibb v. Tapestry, Inc.*); *see also, Figueira*, 944 F. Supp. at 305 (disagreeing with *Spencer v. Banco Real, S.A.*). As a result, Huerta has properly exhausted his administrative remedies and his ADA claim is properly before this Court. Further, even if this Court were to deem Huerta's right to sue letters invalid, this does not necessarily deprive the Court of jurisdiction over Huerta's ADA claim. The issuance of a right to sue letter before the expiration of the 180-day period is not a jurisdictional bar but rather an issue that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Arroyo v. WestLB Admin., Inc.*, 213 F.3d 625 (2d Cir. 2000). The EEOC has already indicated that its processing of Huerta's charge will not be completed within 180 days, and remanding Huerta's ADA claim back to the EEOC may result in a needless delay of addressing Huerta's ADA claim before this Court. As a result, even if the Court determines that Huerta was required to wait for the expiration of the 180 period, an excusal of this requirement is warranted by equitable considerations.

This Court also has supplemental jurisdiction over Huerta's NYSHRL claim pursuant to 28 U.S.C. § 1367 (a), which permits courts to exercise jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Indeed, where a state and federal claim both form "a common nucleus of operative fact," such that a plaintiff would "ordinarily be expected to try them all in one judicial proceeding," supplemental jurisdiction is favored. Principles of judicial economy, convenience, and fairness to litigants also permit this Court to exercise supplemental jurisdiction over Huerta's NYSHRL claim. *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994)

Therefore, JDW Defendants' request to move to dismiss Huerta's ADA claim for failure to exhaust administrative remedies and Huerta's NYSHRL claim for lack of supplemental jurisdiction, in addition to their request to move to dismiss Huerta's wage and hour claims, should be denied in their entirety.

The Court will hold a pre-motion conference on 11/ 15 / 23, at 2:30

So Ordered.
/s/ 
11/8/23

Respectfully submitted,
*/s/ Katherine Morales*
Katherine Morales