UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE HUERTA, VINICIO MERA, and JOSE
FLOREZ, ELVIA BORJA, individually and on
behalf of all others similarly situated,

                                        **Case No.:** 7:23-cv-5382 (KMK) (AEK)

                    Plaintiffs,

      -against-

J.D. WORKFORCE, INC., MARAV USA LLC
d/b/a BINGO WHOLESALE, HAMWATTIE
BISSOON, STEVEN DEANE, and DAVID WEISS,

                    Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' J.D. WORKFORCE, INC.,
HAMWATTIE BISSOON, AND STEVEN DEANE'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*J.D. Workforce, Inc.,*
*Hamwattie Bissoon,*
*and Steven Deane*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................ 1

FACTUAL BACKGROUND ........................................................... 2

STANDARD OF REVIEW ........................................................... 4

ARGUMENT ........................................................................ 5

    **A.**    **The Allegations in the Amended Complaint Fail to State an FLSA Claim . 5**

        **1. The Wage-and-Hour Claims Must be Dismissed ........................ 5**

        **2. The Individual Defendants Did Not Employ Plaintiffs ....**Error! Bookmark not defined.

    **B.**    **The ADA Claim Must be Dismissed for Failure to Exhaust Administrative Remedies ........................................................... 9**

    **C.**    **Plaintiffs Must be Denied Leave to Amend the Complaint ........................ 16**

    **D.**    **Alternatively, this Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims ............................ 17**

CONCLUSION ..................................................................... 18

## TABLE OF AUTHORITIES

### Cases

Anschutz Corp. v. Merrill Lynch & Co.,
    690 F.3d 98 (2d Cir. 2012)..................................................................................... 4

Apolinar v. R.J. 49 Rest., LLC,
    2016 WL 2903278, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016) ............. 8, 9

ASARCO LLC v. Goodwin,
    756 F.3d 191 (2d Cir. 2014)..................................................................................... 4

ASARCO LLC v. Goodwin,
    574 U.S. 1027, 135 S. Ct. 715 (2014)..................................................................... 4

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)................................................................................................ 4

Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A.,
    849 Fed. Appx. 289 (2d Cir. 2021)......................................................................... 17

Barfield v. New York City Health & Hosps. Corp.,
    537 F.3d 132 (2d Cir. 2008)..................................................................................... 8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)............................................................................................. 4, 9

Boggs v. Die Fliedermaus, LLP,
    2004 WL 1554449 , 2004 U.S. Dist. LEXIS 12883 (S.D.N.Y. July 7, 2004)................. 18

Burke v. New York City Tr. Auth.,
    758 Fed. Appx. 192 (2d Cir. 2019)......................................................................... 5

Burke v. New York City Tr. Auth.,
    140 S.Ct. 852 (2020)................................................................................................ 5

Cain v. Mercy Coll.,
    2022 WL 779311, 2022 U.S. App. LEXIS 6590 (2d Cir. March 15, 2022)..................... 17

Cannon v. Douglas Elliman, LLC,
    2007 WL 4358456, 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) .......... 8 n. 1

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)..................................................................................... 4

Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,
    467 U.S. 837 (1984)................................................................................. 13, 13 n. 3

City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,
 752 F.3d 173 (2d Cir. 2014).................................................................. 17

Davis v. Ching Yi Cheng,
 2017 WL 6622545, 2017 U.S. Dist. LEXIS 212738 (E.D.N.Y. Decl. 28, 2017).............. 9

DeJesus v. HF Mgt. Services, LLC,
 726 F.3d 85 (2d Cir. 2013)................................................................ 6, 7

Fed. Hous. Fin. Agency v. UBS Americas Inc.,
 712 F.3d 136 (2d Cir. 2013)................................................................ 15

Fernandez v. Zoni Language Centers, Inc.,
 858 F.3d 45 (2d Cir. 2017)................................................................. 5

Fort Bend County v. Davis,
 587 U.S. ____, 139 S.Ct. 1843 (2019)...................................................... 10

Gebhardt v. Allspect, Inc.,
 96 F. Supp. 2d 331 (S.D.N.Y. 2000)......................................................... 4

Gibb v. Tapestry, Inc.,
 2018 WL 6329403, 2018 U.S. Dist. LEXIS 204112 (S.D.N.Y. Nov. 30, 2018).............. 10

Gisomme v. HealthEx Corp.,
 2014 WL 2041824, 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014) ................. 5

Glatt v. Fox Searchlight Pictures, Inc.,
 811 F.3d 528 (2d Cir. 2015)................................................................. 5

Herman v. RSR Sec. Servs. Ltd.,
 172 F.3d 132 (2d Cir. 1999)................................................................. 8

Irizarry v. Catsimatidis,
 722 F.3d 99 (2d Cir. 2013)............................................................... 7, 8

Kolari v. New York-Presbyterian Hosp.,
 455 F.3d 118 (2d Cir. 2006)................................................................ 17

Lundy v. Catholic Health Sys. of Long Island Inc.,
 711 F.3d 106 (2d Cir. 2013)............................................................ 5, 6, 7

Manway Constr. Co. v. Hous. Auth. of City of Hartford,
 711 F.2d 501 (2d Cir. 1983)................................................................ 18

Martini v. Federal National Mortgage Ass'n, 528 U.S. 1147 (2000)
 178 F.3d 1336 (D.C. Cir. 1999) ................................................. 11, 12, 13, 14

Martini v. Federal National Mortgage Ass'n,
    528 U.S. 1147 (2000) ................................................................................ 11

Mills v. Jefferson Bank E.,
    559 F. Supp. 34 (D. Colo. 1983) ............................................................... 13

Montoya v. Valencia County,
    872 F. Supp. 904 (D.N.M. 1994) .......................................................... 12, 13

Nakahata v. New York–Presbyterian Healthcare Sys.,
    723 F.3d 192 (2d Cir. 2013).................................................................. 5, 6, 7

New York v. Holiday Inns, Inc.,
    656 F. Supp. 675 (W.D.N.Y. 1984) ........................................................... 13

Occidental Life Insurance Co. of California v. EEOC,
    432 U.S. 355 (1977)............................................................................... 12, 13

Paleja v. KP NY Operations LLC,
    2022 WL 364007, 2022 U.S. App. LEXIS 3399 (2d Cir. Feb. 8, 2022) ....................... 6, 7

Porat v. Lincoln Towers Cmty. Ass'n,
    464 F.3d 274 (2d Cir. 2006)....................................................................... 17

Rothenberg v. Daus,
    2015 U.S. Dist. LEXIS 39764 (S.D.N.Y. March 27, 2015) ........................... 18

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236 (2d Cir. 2002)......................................................................... 4

Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield,
    6 F. Supp. 3d 275 (E.D.N.Y. 2014) ........................................................... 18

TechnoMarine SA v. Giftports, Inc.,
    758 F.3d 493 (2d Cir. 2014)....................................................................... 16

Tracy v. NVR, Inc.,
    667 F. Supp. 2d 244 (W.D.N.Y. 2009) ........................................................ 8

Weise v. Syracuse Univ.,
    522 F.2d 397 (2d Cir. 1975)....................................................................... 14

Wolman v. Catholic Health Sys. of Long Island, Inc.,
    853 F. Supp. 2d 290 (E.D.N.Y. 2012) ......................................................... 8

Xue Lian Lin v. Comprehensive Health Mgmt., Inc.,
    2009 WL 976835, 2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 9, 2009) .............. 8 n. 1

## Statutes

12 NYCRR § 142–2.2 .................................................................................................... 5

28 U.S.C. § 1367 ....................................................................................................... 17

29 U.S.C. § 203 .......................................................................................................... 7

29 U.S.C. § 206 .......................................................................................................... 5

29 U.S.C. § 207 .......................................................................................................... 5

42 U.S.C. § 2000e–5 ................................................................. 9, 10, 11, 12, 13, 14, 15

42 U.S.C. § 12117 ..................................................................................................... 10

## Rules

Fed. R. Civ. P. 12 ....................................................................................................... 4

## Regulations

29 C.F.R. § 778.109 .................................................................................................... 7

29 C.F.R. § 1601.28 ......................................................................................... 11, 12, 14

## Other

118 CONG. REC. 1069 (1972) .................................................................................... 16

118 CONG. REC. 7168 (1972) .................................................................................... 15

S.REP. NO. 92–415 (1971) ......................................................................................... 15

H.R.REP. NO. 92–238 (1971) ..................................................................................... 15

## **PRELIMINARY STATEMENT**

Despite being placed on notice of the deficiencies in their pleadings, Plaintiffs Jose Huerta ("Huerta"), Vinicio Mera ("Mera"),  Jose Florez ("Florez"), and Elvia Borja ("Borja") (Huerta, Mera, Florez, and Borja collectively hereinafter the "Plaintiffs" or, singularly, "Plaintiff") have failed to meet the long known and well-established pleading standard to state a claim pursuant to either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").   As such, Defendants J.D. Workforce, Inc. ("JD" or the "Corporate Defendant") Hamwattie Bissoon ("Bissoon"),  and Steven Deane ("Deane") (Bissoon and Deane collectively hereinafter the "Individual Defendants") (the Corporate Defendant and Individual Defendants collectively hereinafter the "Defendants") respectfully move to dismiss Plaintiffs' first amended complaint ("FAC") for failure to state a claim upon which relief can be granted.

Plaintiffs' allegations that they regularly worked in excess of forty (40) hours per week are insufficient, without any supporting factual context, such as how many hours they actually worked in a given week or how much they were actually paid during that week compared to what any of them are entitled to under the law.  The general allegations in the complaint are simply insufficient to state a claim.  Indeed, anyone reviewing the complaint is unable to make heads or tails of whether Plaintiffs were properly paid under the FLSA.

Although Plaintiffs allege in the Complaint that they generally worked anywhere from 35.5 to 78 hours per week and were generally paid $12.50 to $17.00 per hour, this type of generalized and conclusory pleading fails to state a claim upon which relief can be granted because it is impossible to calculate how many hours and how much in wages any one Plaintiff earned in, at least, a single week to ascertain the existence of a violation of the FLSA and/or the NYLL.  As such, the FAC must be dismissed for failure to state a claim.

In addition, the Individual Defendants did not employ Plaintiffs, and the conclusory allegations in the FAC with respect to their alleged "employer" status are insufficient to state a claim for individual liability for FLSA and/or NYLL violations under the economic realities test. Therefore, dismissal of all claims against the Individual Defendants is warranted.

Further, Huerta's claim under the Americans with Disabilities Act ("ADA") must be dismissed. Huerta purportedly relies on two Notices of Right to Sue that the Equal Employment Opportunity Commission ("EEOC") concededly issued well before the statutory 180-day period expired. Since Huerta failed to exhaust his administrative remedies through the EEOC before bringing his ADA claim, it must be dismissed without prejudice and remanded to the EEOC for conciliation efforts as required by law.

Defendants thus respectfully submit this motion to dismiss should be granted on the ground that the Plaintiffs' claims fail to state a claim for relief, and – consistent with this Court's Individual Rules of Practice ("Individual Rules") – leave to replead should be denied because Plaintiffs were put on notice of the deficiencies in the complaint and failed to correct them.

Alternatively, the federal claims must be dismissed and this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## FACTUAL BACKGROUND

On June 26, 2023, Plaintiffs filed the instant case asserting causes of action under: (i) FLSA for unpaid overtime wages; (ii) the NYLL for unpaid overtime wages; (iii) the NYLL for failure to timely pay wages; (iv) the NYLL for failure to furnish "payroll notices;" (v) the NYLL for failure to provide wage statements; and (vi) the New York State Human Rights Law ("NYSHRL") for disability discrimination and failure to accommodate. See ECF Docket Entry 1. On August 30, 2023, Defendants appeared by counsel. See ECF Docket Entry 21.

On September 18, 2023, consistent with this Court's Individual Rules, Defendants moved by letter for a pre-motion conference.  See ECF Docket Entry 24.  On September 25, 2023, Plaintiffs submitted their letter response to Defendants' letter motion and indicated they seek to amend the complaint in accordance with this Court's Individual Rules of Practice.  See ECF Docket Entry 27.  That very day, this Court issued an Order directing Plaintiffs to file an amended complaint by October 17, 2023.  See ECF Docket Entry 28.   On October 17, 2023, Plaintiffs timely filed the FAC.  See ECF Docket Entry 30.

The FAC adds a cause of action under the ADA.  Id. at sixth cause of action.  There is also a new Plaintiff, Borja.  There were no other substantive changes to the allegations in support of the wage-and-hour causes of action.

In support of their FLSA and NYLL claims, Plaintiffs allege that: (i) Huerta "regularly" worked seventy-eight (78) hours per week at $17.00 per hour for "all hours worked" and claims, without any factual details in support, that he was paid only his "regular rate" for hours worked in excess of forty (40) hours per week (see ECF Docket Entry 30 at ¶¶ 46, 48); (ii) Mera "regularly" worked fifty-seven (57) hours per week at $12.50 or $14.00 per hour (see Id. at ¶¶ 66, 68); (iii) Florez "regularly" worked seventy-one (71) hours per week at $14.00 per hour.  (see Id. at ¶¶ 72, 74); and (iv) Borja "regularly" worked thirty-five-and-a-half (35.5) to fifty (50) hours per week at $13.50 or $14.00 per hour (see Id. at ¶¶ 77-82, 85-86).

In support of Heurta's ADA claim, he alleges that he exhausted his administrative remedies by filing a charge with the EEOC, and that he was issued a Notice of Right to Sue on September 19, 2023 and September 20, 2023.  See Id. at ¶¶ 5-6, Exhibit 1 (right-to-sue letter).  Although Huerta does not reference *when* he filed his charge(s) with the EEOC, both notices of right to sue state: "[l]ess than 180 days have elapsed since the filing date."  Id. at Exhibit 1.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A claim has "facial plausibility" only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusion." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will [therefore] not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)) (internal citation and quotation marks omitted in original).

Although the complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S. at 678. Nor will a pleader's "formulaic recitation of the elements of a cause of action" be considered adequate to survive a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555.

While the Court must limit itself to the facts alleged in the complaint and any documents attached to the complaint as exhibits or incorporated by reference therein, Courts may also look to matters of which judicial notice may be taken in determining a motion for judgment on the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014).

As set forth herein, the FAC falls woefully short of properly pleading Plaintiffs' claims.

4

As a result, the Complaint must be dismissed.

## ARGUMENT

### A.  The Allegations in the Amended Complaint Fail to State an FLSA Claim

#### 1.  The Wage-and-Hour Claims Must be Dismissed

The FLSA generally requires employers to pay "employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." See Fernandez v. Zoni Language Centers, Inc., 858 F.3d 45, 48 (2d Cir. 2017) (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 533 (2d Cir. 2015) (citing 29 U.S.C. §§ 206–207)).  The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011).  The minimum wage under federal law is $7.25 per hour, and the minimum overtime wage rate is therefore $10.88 per hour.  See 29 U.S.C. § 206(a)(1)(C).

As set forth below, Plaintiffs have altogether failed to state a plausible FLSA claim.

In order to state a claim for overtime wages under the FLSA and the NYLL, a plaintiff must allege "a single workweek in which [he or she] worked at least 40 hours and also worked uncompensated time in excess of 40 hours[.]" See Burke v. New York City Tr. Auth., 758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020) (citing Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013)) (dismissing both the FLSA and NYLL overtime claims for failure to provide length and frequency of alleged unpaid work);  see also Gisomme v. HealthEx Corp., 2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek").  In this case, Plaintiffs' allegations do not meet this standard; they each fail to allege a single workweek where they worked over forty (40) hours *and* that there was uncompensated time in excess of forty (40) hours.

5

In <u>Nakahata</u>, the Second Circuit discussed <u>Lundy</u> and recounted how the plaintiffs there pled the number of hours they were typically scheduled to work in a week and thus failed to state an FLSA overtime claim; on that same basis, the Court in <u>Lundy</u> dismissed the FLSA overtime claim. <u>See</u> 723 F.3d at 200-201. This is no different from the FAC in the instant case, where Plaintiffs allege that they generally worked a total of approximately 35.5 to 78 hours per week without identifying any specific week as required to state a claim under the FLSA.

In <u>DeJesus v. HF Mgt. Services, LLC</u>, the Second Circuit in dismissing the FLSA claim, held that an allegation that a plaintiff "regularly worked" more than forty (40) hours a week and was not properly compensated – similar to that alleged in the FAC here – was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." <u>See</u> 726 F.3d 85, 89 (2d Cir. 2013). In the FAC here, many of these "borderline phrases" are used, including, but not limited to: (i) Plaintiffs "regularly worked in excess of forty hours per week" (FAC ¶ 97); (ii) that each Plaintiff worked from "approximately" a set time each day until "approximately" another set time each day (FAC ¶¶ 46, 66, 72, 77-82); and (iii) "from on or around [date] until on or around [date], [Plaintiff] worked [or was paid] …" (FAC ¶¶ 44, 48, 64, 68-70, 74-75, 76-83, 85-86). Recently, the Second Circuit held that a Complaint which alleged that a plaintiff "regularly worked in excess of 40 hours per week" and that in a "typical week" the plaintiff would work "approximately 70 [sic] hours", was insufficient to state an FLSA claim. <u>See Paleja v. KP NY Operations LLC</u>, 2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) (summary order). In this case, the FAC should be analyzed in the same exact manner as that described above because it is no different, which can be seen from the FAC's conclusory allegations as to the hours Plaintiffs generally worked.

Indeed, the FAC entirely fails to identify a single week in which any Plaintiff worked and was not paid at overtime compensation. This is because an employee's average hourly wage is calculated "by dividing his total remuneration for employment ... in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." See 29 C.F.R. § 778.109. And it follows, logically, that because a plaintiff needs to allege some uncompensated time in excess of forty (40) hours, it is not enough to merely allege that a plaintiff generally received an hourly wage without alleging how much that plaintiff earned in a single week compared to how many hours that plaintiff worked.

As such, the allegations in the FAC are not enough to plead a claim under the FLSA or the NYLL. See Lundy, Nakahata, DeJesus, and Paleja, supra. As such, like the complaints in Lundy, Nakahata, DeJesus, and Paleja, Plaintiffs similarly fail to state a claim under the FLSA and the NYLL, and thus these claims must be dismissed.

### 2. The Individual Defendants Did Not Employ Plaintiffs

The complaint must also be dismissed against the Individual Defendants. An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute. See 29 U.S.C. § 203(d). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. See 29 U.S.C. § 203(g).

"[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts." See Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted). "Employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id. at 104.

The relevant factors as to whether an employment relationship exists under the FLSA include '"whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."' Id. at 104-05 (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008)).

These factors are not exclusive and no one factor is dispositive. Id. at 105;[1] see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (to determine whether a party qualifies as an "employer" under both the FLSA and NYLL's "generous definitions," the relevant inquiry is "whether the alleged employer possessed the power to control the workers in question … with an eye to the economic reality presented by the facts of each case"); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing FLSA claim against Human Resources officer because allegations presuming control based on that officer's job title did not sufficiently allege his control over plaintiff); Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees"). In Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the plaintiffs sued their boss's mother "using identical language that plaintiffs use with respect to the other individual defendants." Id. at *14. The Court dismissed the claims against the boss's mother since there were solely conclusory allegations regarding her duties "which merely plead the presence of the factors relevant to whether an individual is a joint employer" Id. at *14-15.

---

[1] The same analysis that applies to FLSA claims also applies to claims brought under the NYLL. See Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 9, 2009) (citing Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007)).

The Court in <u>Apolinar</u> held that is insufficient to plausibly show that he or she was their employer for purposes of the FLSA.  In the instant case, Plaintiffs similarly make conclusory allegations in the FAC with respect to the "employer" status of the Individual Defendants, which are insufficient to state a claim under the economic realities test and warrant dismissal. These boilerplate allegations simply state that the Individual Defendants "were and still are officers, directors, shareholders, owners, and/or persons in control of [JD], who exercise significant control over [JD's] operations; have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records."  <u>See</u> FAC ¶ 16.

But Plaintiffs' "formulaic recitation of the elements of a cause of action" is insufficient to survive dismissal. <u>See</u> <u>Twombly</u>, 550 U.S. at 555.  Plaintiffs do not allege *how* the Individual Defendants actually asserted any of the foregoing alleged conduct over them so as to state a claim under the economic realities test.  In other words, Plaintiffs do not allege that either Bissoon or Deane actually hired or fired any Plaintiff, set any Plaintiff's schedule, or determined the compensation of any Plaintiff.  This is not enough to establish individual liability as an employer, and is insufficient to state a claim under the economic realities test.  <u>See</u> <u>Davis v. Ching Yi Cheng</u>, 2017 U.S. Dist. LEXIS 212738, **19-21 (E.D.N.Y. Decl. 28, 2017) (dismissing claims against all but one (1) individual defendant since there was "absolutely no evidence that any of the other co-defendants …, had anything to do with the Plaintiff's employment" including interviewing, hiring, or having anything to do with employment or wages).

Accordingly, Plaintiffs' claims against the Individual Defendants must be dismissed.

## B.  <u>The ADA Claim Must be Dismissed for Failure to Exhaust Administrative Remedies</u>

Title VII and the ADA require a 180 day conciliation period before any civil action can be brought against a respondent charged with discrimination.  <u>See</u> 42 U.S.C. § 2000e–5(f)(1).

Indeed, Title VII and the ADA provide that:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought against the respondent named in the charge.

Id.; see also 42 U.S.C. § 12117 (applying Title VII's exhaustion requirements to ADA claims).

"Only after 180 days have elapsed may the charging party pursue his or her claims in court."  See Gibb v. Tapestry, Inc., No. 18-CV-6888 (LAP), 2018 U.S. Dist. LEXIS 204112, at *11 (S.D.N.Y. Nov. 30, 2018).

In this case, while Huerta filed a charge of discrimination at some point, he apparently requested an early right-to-sue letter from the EEOC.  See FAC at ¶¶ 5-6, Exhibit 1 (right-to-sue letter).  As a result, on September 19, 2023 and September 20, 2023, Huerta received notices of right-to-sue which both explicitly state: "[l]ess than 180 days have elapsed since the filing date."

The facts present here indicate the complete abandon by both Huerta and the EEOC in complying with the statutory requirements of Title VII and the ADA, and provide a cautionary tale to this Court about the negative effects of permitting early right-to-sue letters.

As an initial matter, the Supreme Court of the United States recently held that exhaustion of remedies is merely a claim-processing rule that an employer forfeits if an objection is not raised in a timely manner.  See Fort Bend County v. Davis, 139 S.Ct. 1843 (2019).  The Supreme Court held there, too, that Title VII's charge-filing provisions "speak to ... a party's procedural obligations[,]" and require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action.  Id. at 1851 (citation omitted).

In 1999, the Court of Appeals for the District of Columbia Circuit was the first appellate court to hold that the EEOC may not issue an early right-to-sue letter.  See Martini v. Federal National Mortgage Ass'n, 178 F.3d 1336 (D.C. Cir. 1999), cert. dismissed, 528 U.S. 1147 (2000).

There, the D.C. Circuit vacated and remanded a judgment in favor of the plaintiff, Elizabeth Martini, for $903,500.00 on sexual harassment and retaliation claims following a jury trial because the EEOC had granted a right-to-sue letter only twenty-one (21) days after she had filed her charge with the EEOC. Id. The court "conclude[d] that the EEOC's power to authorize private suits within 180 days undermines its express statutory duty to investigate every charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day."

This Court should decide this appeal like the court in Martini did because Title VII clearly and unambiguously provides that the EEOC must act to investigate, conciliate, and decide whether it wants to bring its own action before issuing any notice to a charging party providing him or her the right to sue.  A holding to the contrary would only serve to undermine the very purpose of the EEOC's existence as a buffer to the federal courthouse door.  Notwithstanding Title VII's clear requirement that a charge is to remain pending with the EEOC for 180 days, the EEOC has issued a regulation interpreting 42 U.S.C. § 2000e-5(f)(1):

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued.., the Commission may issue such notice.. . at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that the District Director [or other delegated officials] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect

See Notice of Right to Sue: Procedure and Authority, 29 C.F.R. § 1601.28(a)(2) (1997).

The <u>Martini</u> Court properly found that "Congress clearly intended to prohibit private suits within 180 days after charges are filed," and it therefore held that the EEOC's interpretation of Title VII allowing for early right-to-sue letters violated the clear and unambiguous intent of Congress. In deciphering the intent of Congress not to allow early private suits, the <u>Martini</u> court relied on a provision of Title VII prescribing the EEOC's duties that requires a prompt determination-within 120 days if practicable. <u>See</u> 42 U.S.C. § 2000e-5(b) ("The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge ....").

The <u>Martini</u> court found that "the Commission's duty to investigate is both mandatory and unqualified," and that Congress "hoped that recourse to the private lawsuit will be the exception and not the rule." <u>See</u> <u>Martini</u>, 178 F.3d at 1346, 1346-47. Further, not allowing early private suits should put pressure on the EEOC to improve its investigatory procedures or perhaps to ask Congress for additional funding so that it would be able to complete its statutory duties. <u>Id.</u> at 1347.

Further, the Supreme Court, in *dictum*, before 29 C.F.R. § 1601.28 was promulgated, reached the same result in <u>Martini</u> when seven Justices agreed that early suits prior to the expiration of 180 days should not be permitted. <u>See</u> <u>Occidental Life Insurance Co. of California v. EEOC</u>, 432 U.S. 355, 361 (1977) ("a natural reading of [Title VII] can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so").

After the EEOC promulgated 29 C.F.R. § 1601.28(a)(2), the court in <u>Montoya v. Valencia County</u> used similar reasoning to that of the Supreme Court in <u>Occidental Life</u>. <u>See</u> 872 F. Supp. 904, 906 (D.N.M. 1994).

In <u>Montoya</u>, the court held that, even exercising the deference to the Commission required by <u>Chevron</u>,[2] the EEOC's interpretation was "patently inconsistent with section 2000e5(f)(1)." <u>Id.</u> That court therefore rejected the allowance of an early suit and subsequently granted the defendants' motion to dismiss the case; the court expressed sympathy for the EEOC's difficulties in carrying out its duties but suggested that the proper way to resolve the lack of funding and inability to investigate all charges within the statutory time limit was to ask Congress to amend the statute or increase funding, and that unilateral action by the agency in issuing a regulation contrary to its underlying statute was not the solution. <u>Id.</u> ("The Commission must look to Congress to amend the statute or otherwise ease its regulatory burden").

Similarly, in <u>New York v. Holiday Inns, Inc.</u>, that district court noted the attractiveness of allowing plaintiffs to sue prior to the expiration of the time period when the EEOC is backlogged, but quoted the *dictum* from <u>Occidental Life</u> stating that it was Congress's intent that 180 days must elapse before charges could be filed in district court. <u>See</u> 656 F. Supp. 675, 679 (W.D.N.Y. 1984). The court in <u>Holiday Inns</u> noted that despite the apparent "futility of forcing victims of discrimination to 'mark time' when it appears that the EEOC will be unable to investigate their charges or reach conciliation proceedings within the 180-day period," arguments for allowing early suits should be addressed to Congress rather than to the judiciary. <u>Id.</u> at 679-80.

Other courts have noted that the purpose of the 180-day period is to induce conflict resolution through conciliation within the EEOC rather than litigation. <u>See</u> <u>Mills v. Jefferson Bank E.</u>, 559 F. Supp. 34, 35 (D. Colo. 1983) (collecting cases). All these reasons support dismissal here. Of particular import, the Court in <u>Martini</u> examined the legislative history behind Title VII in conjunction with 42 U.S.C. § 2000e-5(b) in finding that early right-to-sue notices are invalid.

---

[2] <u>See</u> <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984).

Moreover, separate and apart from the EEOC's mandate to investigate every charge as set forth in the statute and observed by <u>Martini</u>, attention must be given to the EEOC's equal mandate to engage in conciliation efforts with respect to all charges filed with the EEOC. Congress indicated its belief that informal resolution of charges, even as late as the 180th day, would be preferable to allowing complainants to sue earlier. <u>See</u> <u>Martini</u>, 178 F.3d at 1347.

Reading the statute as a whole, and not limiting the analysis of the provision in 42 U.S.C. § 2000e-5(f)(1), leads to the inescapable conclusion that a plaintiff must wait 180 days in order to proceed with filing suit.

While the Second Circuit has not directly opined on the subject like the D.C. Circuit did, it did permit a litigant to avail himself of an early right-to-sue letter in a very limited circumstance. In <u>Weise v. Syracuse Univ.</u>, the Second Circuit held that it was appropriate for the EEOC to issue a Notice of Right to Sue when there was a prior charge against the same employer that had been pending before the EEOC for more than 180 days, and conciliation seemed unlikely. <u>See</u> 522 F.2d 397, 412 (2d Cir. 1975) ("While it is true that, absent the dismissal of a charge by the EEOC, the Notice should not issue until the charge has been before the Commission for at least 180 days, ... [t]o require the EEOC to hold the second charge for 180 days would not have advanced the conciliation purposes of the Act and would only have served to delay the proceedings"). While <u>Weise</u> was decided before the enactment of 29 C.F.R. 1601.28(a)(2), its import is clear: a Plaintiff must wait 180 days with very limited exceptions.

Crucially, subsection (b) of the statute at issue here mandates the EEOC to investigate the charge. <u>See</u> 42 U.S.C. § 2000e-5(b). Here, Defendants never received notice of Huerta's charge of discrimination, and Huerta requested an early right-to-sue letter which the Defendants were similarly not provided.

As such, the EEOC could not have investigated the claim, nor could it have even attempted conciliation, because it did not give the EEOC nor the Defendants any opportunity whatsoever to engage in conciliation efforts.

In opposition to Defendants' letter motion for a pre-motion conference, Huerta heaves that complying with the statutory dictates of Title VII and the ADA will result in "needless delay" because the EEOC has already indicated that the processing of his charge will not be completed in 180 days. However, it bears emphasis that courts must look to the legislative history in determining Congress' intent when reviewing a statute. See Fed. Hous. Fin. Agency v. UBS Americas Inc., 712 F.3d 136, 141 (2d Cir. 2013). A review of the statute's legislative history can only permit this Court to find that a plaintiff must wait 180 days before proceeding to federal court with a discrimination complaint. When Congress wrote section 2000e-5(f)(1) in 1972, it knew all about the long delays in EEOC processing of discrimination charges. See S.REP. NO. 92–415, at 23 (1971); see also H.R.REP. NO. 92–238 (1971), reprinted in 1972 U.S.C.C.A.N. 2137, 2147. Congress enacted the 180–day provision as "a means by which [an aggrieved party] may be able to escape from the administrative quagmire which occasionally surrounds a case caught in an overloaded administrative process." See 1972 U.S.C.C.A.N. at 2148; see S.REP. NO. 92– 415S.REP. NO. 92–415, at 23. After the House and Senate passed the 1972 amendments, the Conference Committee explained in a statement accompanying the Conference Report:

> [The 180–day provision] is designed to make sure that the person aggrieved does not have to endure lengthy delays if the Commission ... does not act with due diligence and speed. Accordingly, the [180– day provision] allow[s] the person aggrieved to elect to pursue his or her own remedy under this title in the courts where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution.

See 118 CONG. REC. 7168 (1972) (section-by-section analysis of amendments).

In addition, two (2) major sponsors of Title VII clearly understood the statute to prohibit early suits. Senator Javits said that it required complainants "necessarily [to] sit [ ] around awaiting 6 months." <u>See</u> 118 CONG. REC. 1069 (1972) (Senate debate). Senator Dominick called it a "180–day private filing restriction." <u>Id.</u> There is therefore no merit to the argument that Congress did not intend for a discrimination plaintiff to wait before filing suit.

Based on the foregoing, there is no question that Congress intended to require charging parties to forebear filing suit in court until 180 days had passed.  Indeed, the wisdom behind waiting before a charging party can proceed to suit can be summed up by the old adage that the two most powerful warriors are patience and time.  This Court must therefore dismiss the ADA claim for failure to exhaust administrative remedies.

### C. <u>Plaintiffs Must be Denied Leave to Amend the Complaint</u>

Upon dismissal of the complaint for failure to state a claim, this Court must deny leave to amend the pleadings as this Court's Individual Rules provide – and Plaintiffs took – the opportunity to amend the complaint.  <u>See</u> ¶ III(A) ("If a complaint is ultimately dismissed on the grounds set forth in the movant's initial letter, it may be dismissed with prejudice as the nonmovant already had a chance to research the movant's arguments and amend as needed").

The Second Circuit has held that leave to amend a pleading may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." <u>See</u> <u>TechnoMarine SA v. Giftports, Inc.</u>, 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks omitted).

Here, Plaintiffs have already been provided with an opportunity to remedy the above deficiencies in the pleadings and have once amended the complaint in response to Defendants' initial letter motion for a pre-motion conference in anticipation of the instant motion.  For Plaintiff to now receive yet another opportunity to amend is futile and will only cause undue prejudice to Defendants.

Further, because the pleading deficiencies complained of here were set forth in Defendants' pre-motion conference letter seeking to file a motion to dismiss the Complaint, they were not unforeseen such that leave should be granted once more to amend, given that it is indisputable that Plaintiffs were placed on notice of these deficiencies and has failed to cure them. See Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A., 849 Fed. Appx. 289, 296 (2d Cir. 2021) ("And Banco Safra had ample opportunity to amend its complaint to cure the … deficiencies. It is thus "unlikely that the deficiencies ... were unforeseen") (citing City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014)).

Moreover, a district court is not required to grant leave to amend when it grants a motion to dismiss based on pleading deficiencies, as the Court should do in the instant matter. See Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006); see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014).

Accordingly, granting leave to amend must be denied.

### D. Alternatively, this Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims

The alleged jurisdictional basis over Plaintiffs' state law claims against Defendants is supplemental jurisdiction, under 28 U.S.C. § 1367.  See FAC ¶ 3.   However, since the federal claims should be dismissed for the reasons articulated above, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims.  See Cain v. Mercy Coll., 2022 U.S. App. LEXIS 6590 at **4-5 (2d Cir. March 15, 2022) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims); see also Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

Also, the Court can, and should, *sua sponte* decline to exercise supplemental jurisdiction. See, e.g., Rothenberg v. Daus, 2015 U.S. Dist. LEXIS 39764 at **33-34, fn. 12 (S.D.N.Y. March 27, 2015) ("plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law") (citing Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ("[T]he Court *sua sponte* declines to exercise supplemental jurisdiction over the remaining [state law] claims against [defendants]")), Boggs v. Die Fliedermaus, LLP, 2004 U.S. Dist. LEXIS 12883, at *3 (S.D.N.Y. July 7, 2004), Manway Constr. Co. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

Based on the foregoing, this Court should decline to exercise supplemental jurisdiction and should instead dismiss the state claims in the Complaint.

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that Plaintiffs' First Amended Complaint be dismissed in its entirety.

Dated: Jamaica, New York
      April 5, 2024

**SAGE LEGAL LLC**

   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*J.D. Workforce, Inc.,*
*Hamwattie Bissoon,*
*and Steven Deane*

18

**VIA ECF**
Katz Melinger PLLC
<u>Attn</u>: Katherine Morales, Esq.
370 Lexington Avenue, Suite 1512
New York, NY 10017-0045
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
kymorales@katzmelinger.com

*Attorneys for Plaintiffs*
*Jose Huerta,*
*Vinicio Mera,*
*Jose Florez, and*
*Elvia Borja*

**VIA ECF**
Allyn & Fortuna LLP
<u>Attn</u>: Nicholas Fortuna, Esq.
1010 Avenue of the Americas
Suite 302
New York, NY 10018-0023
nfortuna@allynfortuna.com

*Attorneys for Defendants*
*Marav USA LLC d/b/a Bingo Wholesale*
*and David Weiss*

19