**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSE HUERTA, VINICIO MERA, JOSE FLOREZ, and ELVIA BORJA, *individually and on behalf of all others similarly situated,*

Plaintiffs,

- against -

J.D. WORKFORCE, INC., MARAV MONSEY LLC d/b/a BINGO WHOLESALE, STEVE DEANE, and DAVID WEISS,

Defendants.

23 Civ. 05382 (KMK)

**AFFIDAVIT OF AGNES F. LOPEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT AS TO LIABILITY**

I, Agnes F. Lopez, pursuant to 28 U.S.C. § 1746, hereby declare the following under penalty of perjury:

1. I am an associate attorney at Katz Melinger PLLC, counsel of record for Plaintiffs in the above-captioned matter, and I am admitted to practice in the State of New York and before this Court. I am familiar with the facts and circumstances of this action.

2. I submit this declaration in support of Plaintiffs' motion for the entry of a default and a default judgment as to liability only against Defendants J.D. Workforce, Inc. ("JDW") and Steve Deane (together, the "JD Defendants") on the First through Fifth Causes of Action, and, as to Plaintiff Jose Huerta, the Sixth and Seventh Causes of Action, of the Second Amended Complaint.

***Procedural History***

3. Plaintiffs commenced this action on June 26, 2023 with the filing of a Summons and Complaint. They thereafter filed an Amended Complaint on October 17, 2023 adding Plaintiff Huerta's claim under the Americans with Disabilities Act, and filed the operative Second Amended Complaint on April 2, 2025 (Dkt. No. 50).

4. The Summons and Complaint were duly served upon Defendant J.D. Workforce, Inc. on June 29, 2023 by serving its authorized agent for service of process pursuant to Rule 4(h) of the Federal Rules of Civil Procedure and NY CPLR § 311 (Dkt. No. 13). Defendant Steve Deane was served on June 30, 2023 pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. (Dkt. No. 16).

5. The JD Defendants appeared in this action through counsel (Dkt. No. 21) and moved to dismiss on April 5, 2024 (Dkt. No. 45). By Opinion and Order dated March 3, 2025, the Court denied the motion to dismiss (Dkt. No. 48).

6. On April 2, 2025, the JD Defendants filed a notice of appeal from the denial of their motion to dismiss, which the Court of Appeals dismissed for lack of jurisdiction on January 6, 2026. *Huerta v. J.D. Workforce, Inc.*, No. 25-810 (2d Cir. Jan. 6, 2026).

7. Neither of the JD Defendants has answered or otherwise responded to the Second Amended Complaint, and the time to do so has long since expired. *See* Fed. R. Civ. P. 12(a)(4)(A).

8. On April 10, 2026, the Court referred this matter to mediation, and on April 14, 2026, a mediator was assigned. Although counsel for the JD Defendants was included on the scheduling correspondence, he did not respond. On June 2, 2026, counsel for the JD Defendants advised that his clients were unresponsive to him and that he might move to withdraw. Despite

Plaintiffs' repeated follow-up, the JD Defendants did not participate in scheduling the mediation and their counsel did not move to withdraw.

9. On June 25, 2026, Plaintiffs sought a pre-motion conference in anticipation of a motion for a default. By Order dated July 13, 2026 (ECF No. 69), the Court determined that no conference was necessary and permitted Plaintiffs to move for appropriate relief within thirty (30) days.

10. On August 18, 2026, the Clerk of Court entered a certificate of default against each of the JD Defendants pursuant to Fed. R. Civ. P. 55(a) and S.D.N.Y. Local Civil Rule 55.1. A copy of each certificate of default is annexed hereto as Tab F.

**The JD Defendants Are in Default and Their Well-Pleaded Liability Allegations Are Deemed Admitted**

11. Because the JD Defendants have failed to plead or otherwise defend this action following the denial of their motion to dismiss, a default is warranted, and the well-pleaded factual allegations of the Second Amended Complaint relating to their liability are deemed admitted.

12. A party defaults when it fails to plead or otherwise defend against an action seeking judgment for affirmative relief. Fed. R. Civ. P. 55. Where a party defaults, factual allegations in a complaint are deemed admitted, and the court must accept as true all well-pleaded factual allegations in the complaint that relate to liability. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal citation omitted)(the entry of a default by the clerk "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff," although it "is not an admission of damages"); *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal citation omitted).

13. A defendant need not fail to appear at all to be defaulted. The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,'" and has held that a default is properly entered where a defendant appears, "repeatedly move[s] to dismiss," and litigates, but then affirmatively ceases participating in its own defense. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011); *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 247 (2d Cir. 2004)

14. Because the JD Defendants have defaulted, the well-pleaded allegations of the Second Amended Complaint establishing their liability are deemed admitted. After the Court denied their motion to dismiss, they failed to answer the Second Amended Complaint, stopped communicating with their counsel, and refused to participate in Court-ordered mediation. Their pending appeal from the denial of their motion to dismiss does not excuse their obligation to answer or otherwise defend in the district court. Accordingly, a default under Rule 55(a) is warranted.

**The Court Should Enter a Default Judgment as to Liability Only and Defer Damages to an Inquest**

15. The non-defaulting Defendants Marav Monsey LLC d/b/a Bingo Wholesale and David Weiss (the "Marav Defendants") are alleged to be joint employers who are jointly and severally liable for the same violations and continue to litigate this action.

16. To avoid the risk of inconsistent or duplicative damages determinations, Plaintiffs respectfully request that the Court enter a default judgment against Defendants J.D. Workforce, Inc. and Steve Deane as to liability only and defer the determination of damages, liquidated damages, interest, attorneys' fees, costs, and disbursements to an inquest to be held after Plaintiffs' claims against the Marav Defendants are resolved.

17. Plaintiffs are not presently seeking a determination of damages. Plaintiffs respectfully refers to Tab B, Statement of Damages. Rather, Plaintiffs seek entry of a default judgment as to liability only. Because all named Defendants are alleged to be jointly and severally liable for the same damages, Plaintiffs respectfully request that the Court reserve the determination of damages until the conclusion of the action.

18. Plaintiffs do not presently seek an inquest because they are not requesting a determination of damages at this time. Rather, Plaintiffs seek the entry of a default judgment as to liability. Plaintiffs respectfully request that the Court reserve the determination of damages until after the resolution of Plaintiffs' claims against the non-defaulting Defendants, at which time the Court may determine damages on the papers or conduct such inquest as it deems appropriate. *See*, *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that where defaulting and non-defaulting defendants may be jointly liable, the court should avoid inconsistent judgments by deferring the determination of relief until the claims against the remaining defendants are resolved.)

19. Although the JD Defendants are still represented by counsel who will receive this submissions via ECF, Plaintiffs will, in accordance with S.D.N.Y. Local Civil Rule 55.2, mail all papers submitted in support of this motion, together with the certificates of default, to each of the JD Defendants at their last known addresses, and an affidavit of service will be filed with the Court.

20. For the foregoing reasons, Plaintiffs respectfully request that the Court enter a default judgment as to liability against Defendants J.D. Workforce, Inc. and Steve Deane, defer the determination of damages to be determined concurrently with any damage determination against the non-defaulting Defendants or referred for an inquest to be scheduled following the

resolution of Plaintiffs' claims against the non-defaulting Defendants, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 19, 2026

Respectfully submitted,

By: */s/ Agnes F. Lopez*

Agnes F. Lopez
KATZ MELINGER PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
aflopez@katzmelinger.com
*Attorneys for Plaintiffs*