UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOSE HUERTA, VINICIO MERA, and JOSE FLOREZ, ELVIA BORJA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

J.D. WORKFORCE, INC., MARAV MONSEY LLC d/b/a BINGO WHOLESALE, STEVEN DEANE, and DAVID WEISS,

Defendants.

-------------------------------------------------------------------X

Civ. Action. No. 7:23-cv-05382-KMK

**ATTORNEY'S DECLARATION IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT**

Paula Lopez hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the law firm Allyn & Fortuna LLP, attorneys for Defendants/Cross-Claimants MARAV MONSEY LLC d/b/a BINGO WHOLESALE ("Bingo Wholesale") and DAVID WEISS ("Weiss") (collectively referred to as "Bingo Defendants/Cross-Claimants"), and submit this Declaration in support of Bingo Defendants'/Cross-Claimants' motion for default judgment with respect to their cross claim against Co-Defendant J.D. Workforce, pursuant to Rule 55 (b)(2) of the Federal Rules of Civil Procedure.

**Procedural History and Service**

2. The action was commenced by Plaintiffs JOSE HUERTA, VINICIO MERA, JOSE FLOREZ, and ELVIA BORJA (collectively referred to as "Plaintiffs") on or about June 26, 2023. (ECF Doc. # 1).

3. The Summons and Complaint were served on defendant J.D. Workforce on June 29, 2023 through service on its authorized agent. (ECF Doc. # 13).

4. Defendant JD Workforce, Inc. appeared in this action through its attorney, Emanuel Kataev, Esq., who filed a notice of appearance on August 30, 2023 (ECF Doc. # 21).

5. Bingo Defendants/Cross-Claimants filed an Answer to the Complaint on September 20, 2023 which asserted a crossclaim against J.D. Workforce for contractual indemnification. (ECF Doc. # 26).

6. Plaintiff filed a First Amended Complaint on October 17, 2023. (ECF Doc. # 30).

7. Bingo Defendants/Cross-Claimants filed an Answer to the First Amended Complaint on October 31, 2023, which asserted a Crossclaim against J.D. Workforce for contractual indemnification. (ECF Doc. # 32).

8. Defendants J.D. Workforce and Steve Deane filed a motion to dismiss the Amended Complaint on April 5, 2024. (ECF Doc. #s 45 and 46).

9. This Court denied Defendants' motion to dismiss by Opinion and Order dated March 3, 2025. (ECF Doc. # 48).

10. On April 2, 2025, Plaintiffs filed a Second Amended Complaint. (ECF Doc. # 50). A copy of the Second Amended Complaint is annexed hereto as Exhibit "A."

11. On April 3, 2025, Defendants J.D Workforce and Steve Deane filed a Notice of Appeal (ECF Doc. # 53), which was terminated on January 6, 2026.

12. On April 23, 2025, Bingo Defendants/Cross-Claimants filed their Answer to the Second Amended Complaint and asserted a Crossclaim against J.D. Workforce for contractual indemnification. (ECF Doc. # 60). A copy of Bingo Defendants'/Cross-Claimants' Answer to the Second Amended Complaint and Cross-Claim is annexed hereto as Exhibit "B."

13. Service on all parties of Bingo Defendants'/Cross-Claimants' Answer to the Second Amended Complaint and Crossclaim was effectuated through electronic notice via ECF.

14. On May 6, 2025, counsel for defendant J.D. Workforce and Steve Deane appeared on their behalf for a status conference, resulting in a mediation referral order. (ECF Doc. # 62).

15. Pursuant to Rule 12 (a)(1)(B), J.D. Workforce was required to serve an answer to the crossclaim within twenty-one (21) days of being served with Bingo Defendants'/Cross-Claimants' Answer to the Second Amended Complaint with Crossclaim.

16. Defendant J.D. Workforce did not answer or otherwise respond to Bingo Defendants' crossclaim, did not file an Answer to the Second Amended Complaint, nor did it ever request an extension of its time to respond.

17. Although counsel for the parties attempted to schedule the mediation with the appointed mediator, Michael Levy, the mediation was never scheduled because the court referred mediation was stayed while Plaintiff, J.D. Workforce and Steve Dean attempted to mediate the dispute before the Second Circuit's Mediation and Settlement Program. When those mediation efforts proved unsuccessful, an application on consent of all parties was made by Plaintiff to Judge Karas to once again refer the case to mediation. (ECF Doc. No. 65).

18. A mediation referral order was issued by Judge Karas on April 10, 2026. (ECF Doc. No. 66).

19. Email correspondence was exchanged between Plaintiffs' counsel, counsel for Bingo Defendants, and counsel for Co-Defendants J.D. Workforce and Steve Deane to schedule the mediation. On June 2, 2026, Emanuel Kataev, Esq., counsel for J.D. Workforce and Steve Deane, advised that his clients were unresponsive to him, he would continue to follow up with them but anticipated that he might need to withdraw as counsel. A copy of the correspondence regarding scheduling is annexed hereto as Exhibit "C." Mr. Kataev remains counsel of record for J.D. Workforce, Inc. and Steve Deane.

20. On August 18, 2026, upon request filed by Plaintiffs, the Clerk of the Court issued Certificates of Default against the Defendants. (ECF Doc. Nos. 80 and 81).

21. On August 21, 2026, upon request by Bingo Defendants/Cross-Claimants, the Clerk of this Court issued a Certificate of Default with respect to defendant J.D. Workforce, Inc. (ECF Doc. No. 90). A copy of the Certificate of Default as to J.D. Workforce in connection with Bingo Defendants' crossclaim is annexed hereto as Exhibit "D."

22. Bingo Defendants/Cross-Claimants seek a default judgment against J.D. Workforce, Inc. pursuant to the crossclaim asserted against it in their Answer to the Second Amended Complaint and only as to liability. Bingo Defendants are not presently seeking an assessment of damages as set forth in the contemporaneously filed Statement of Damages.

**Jurisdiction**

23. This Court has jurisdiction under 28 U.S.C. §1331 over the instant action in which Plaintiffs allege claim under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA") and under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA").

24. This Court has supplemental jurisdiction over Bingo Defendants'/Cross-Claimants' crossclaim against J.D. Workforce for contractual indemnification pursuant to 28 U.S.C. § 1367, as its contractual claim under New York law arise from the same nucleus of operative facts as the Plaintiffs' federal claims.

25. There is no question that this Court has personal jurisdiction over defendant J.D. Workforce, as it was served personally at the commencement of the action (ECF Doc. No. 13), and has appeared by counsel in this action.

**Statement of Claim against J.D. Workforce**

26. Co-Defendant J.D. Workforce is a staffing and payroll agency that employed Plaintiffs, at various times, between 2020 and 2022. (ECF Doc. No. 50).

27. Defendant/Cross-Claimant Bingo Wholesale operates a bulk supermarket located at 44 Spring Valley Market Pl., Spring Valley, New York.

28. Defendant/Cross-Claimant Weiss is a member of defendant Bingo Wholesale.

29. In 2020, 2021, and 2022, Bingo Wholesale and J.D. Workforce were parties to a Service Agreement for Staffing Services, pursuant to which J.D. Workforce supplied Bingo Wholesale with skilled temporary workers to work at its store in Spring Valley, New York ("Staffing Services Agreement"). Redacted copies of the Staffing Services Agreements in effect in 2020, 2021, and 2022 are annexed hereto as Exhibit "E."

30. Under the Staffing Services Agreement, J.D. Workforce acknowledged, *inter alia*, that J.D. Workforce, is the sole employer of the Workforce employees and that Bingo Wholesale **is not** a joint employer with J.D. Workforce. Ex. "E" at Sec. 1.

31. Pursuant to the Staffing Services Agreement, J.D. Workforce was responsible for, among other things, hiring, maintaining payroll, calculating wages and withholding taxes, and agreed to comply with all applicable federal and local laws and regulations applicable to Workforce employees including FLSA, NYLL, ADA and NYSHRL. Ex. "E" at Sec. 2.1 and 2.2.

32. The Staffing Services Agreement includes an Indemnification provision pursuant to which J.D. Workforce agreed to indemnify, defend, and hold harmless, Bingo Wholesale **and** "each and every one of [its] respective partners, joint ventures, representatives, **members**, designees, officers, directs, shareholders, employees, agents, successors, and assigns ("Indemnified Parties"). Ex. "E" at Sec. 7.1.

33. The indemnification provision under the Staffing Services Agreement obligates J.D. Workforce to indemnify Bingo Wholesale and defendant Weiss, as a member of Bingo Wholesale, in connection with any "claims, demands, damages, actions, causes of action, suits, losses, judgments, obligations and any liabilities, costs, and expenses ("Claims") including, but not limited to …

Workforce's failure to comply with any federal, state and local law applicable to the Workforce Employees (including those regulating hours of work, the payment of minimum wages, overtime, the provision of wage notices, and employment discrimination), as well as for investigative and repair costs, attorneys' fees, and costs, and consultant fees associated with such Claims, which arise or are in any way connected with the work performed, … or provided to the Customer by Workforce, or the Workforce Employees supplied by Workforce." Ex. "E" at 7.1.

34. Bingo Defendants/Cross-Claimants assert that Co-Defendant J.D. Workforce is liable to them for contractual indemnification, including for damage suffered and incurred by Bingo Defendants/Cross-Claimants, attorneys' fees and costs incurred by Bingo Defendants/Cross-Claimants in defending against all claims asserted by Plaintiffs, and any damages assessed against Bingo Defendants/Cross-Claimants to the extent Plaintiffs Jose Huerta, Vinicio Mera, And Jose Florez, Elvia Borja, and the putative FLSA Collective Action Members and Class (collectively "Plaintiffs") recover against Bingo Defendants/Cross-Claimants, whether in judgment or settlement.

35. There is no question that the broad indemnification provision contained in the Staffing Services Agreement(s) covers the claims asserted by Plaintiffs in this action. *See Wausau Bus. Ins. Co. v. Alpine Consulting Co. of New York, Inc.,* 11 CV 2482 VB, 2013 WL 1223382, at *4 (S.D.N.Y. Mar. 25, 2013 ("It is axiomatic that an indemnity contract is interpreted to effectuate the intention of the parties as expressed in the unequivocal language of the contract." *Gibbs–Alfano v. Burton,* 281 F.3d 12, 19 (2d Cir.2002) (citing *Weissman v. Sinorm Deli, Inc.,* 88 N.Y.2d 437, 446 (1996)); *Turner Const. Co. v. Kemper Ins. Co.,* 198 Fed Appx 28, 30 (2d Cir. 2006) ("The New York Court of Appeals has held that the phrase "arising out of" is " 'ordinarily understood to mean originating from, incident to, or having connection with (internal citations omitted).'")

36. Moreover, in failing to file a response to Bingo Defendants/Cross-Claimants' crossclaim, defendant J.D. Workforce is precluded from raising any defenses to its indemnification obligations under the Staffing Services Agreements.

37. Bingo Defendants/Cross-Claimants are only seeking a default judgment as to liability because, presently, Plaintiffs' claims have not been adjudicated, there is no damages determination, and Bingo Defendants/Cross-Claimants intend to vigorously defend against Plaintiffs' claims seeking to impute JD Workforce's wrongful conduct against it under a joint employer theory and therefore, its costs and attorneys' fees continue to accrue and until there is a final adjudication of Plaintiffs' claims as against Bingo Defendants, the full extent of JD Workforce's indemnification obligation is indeterminable.

38. In addition to service being effectuated on all parties via ECF, pursuant to Local Civil Rule 55.2, Bingo Defendants is also serving copies of the moving papers on JD Workforce, Inc. at its last known address via mail.

39. For the reasons set forth herein, Bingo Defendants/Cross-Claimants respectfully request that this Court enter a default judgment as to liability against Co-Defendant JD Workforce, on their cross-claim for contractual indemnification and defer a determination of damages following resolution of Plaintiffs' claims, and grant Bingo Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 25, 2026

Respectfully submitted,

By: /s/ *Paula Lopez*__________

Paula Lopez, Esq.
Allyn & Fortuna LLP
*Attorneys for Bingo Defendants*
400 Madison Avenue, Suite 10D
New York, New York 10017
(212) 213-8844
(212) 213-3318 (fax)
plopez@allynfortuna.com