UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JOSE HUERTA, VINICIO MERA, and JOSE FLOREZ, ELVIA BORJA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

J.D. WORKFORCE, INC., MARAV MONSEY LLC d/b/a BINGO WHOLESALE, STEVEN DEANE, and DAVID WEISS,

Defendants.

---------------------------------------------------------------------X

Civ. Action. No. 7:23-cv-05382-KMK

**ATTORNEY'S DECLARATION IN OPPOSITION TO DEFENDANT J.D. WORKFORCE INC.'s CROSS MOTION TO VACATE AND SET ASIDE THE CLERK'S CERTIFICATE OF DEFAULT**

Paula Lopez hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the law firm Allyn & Fortuna LLP, attorneys for Defendants/Cross-Claimants MARAV MONSEY LLC d/b/a BINGO WHOLESALE ("Bingo Wholesale") and DAVID WEISS ("Weiss") (collectively referred to as "Bingo Defendants/Cross-Claimants"), and submit this Declaration in limited opposition to Co-Defendant J.D. Workforce, Inc.'s ( J.D. Workforce) cross-motion to vacate and set aside the Clerk's Certificate of Default entered on August 21, 2026.

2. While it is submitted that the Clerk's Certificate of Default against J.D. Workforce was properly entered and that Bingo Defendants have demonstrated their entitlement to a default judgment on liability with regard to their contractual indemnification cross-claim against J.D. Workforce, Bingo Defendants have no objection to a conditional order from this Court that sets aside both Certificates of Default entered against J.D. Workforce, in connection with the Second Amended Complaint **and** Bingo Defendant's Cross-claim, and that requires J.D. Workforce to timely respond to Bingo Defendant's Cross-Claim and the Second Amended Complaint.

3. However, should this Court be inclined to deny Defendant J.D. Workforce's cross-motion to set aside the Certificate of Default entered in connection with Plaintiff's Second Amended

Complaint and grant Plaintiff's motion for default judgment, Bingo Defendants respectfully submit that a similar order on Bingo Defendants' motion for default judgment should be entered because, otherwise, Bingo Defendants/Cross-Claimants would be greatly prejudiced if this Court renders inconsistent orders with regard to J.D. Workforce's default liability.

4. As set forth in Bingo Defendants' motion for default judgment, in 2020, 2021, and 2022, Bingo Wholesale and J.D. Workforce were parties to a Service Agreement for Staffing Services, pursuant to which J.D. Workforce supplied Bingo Wholesale with skilled temporary workers to work at its store in Spring Valley, New York ("Staffing Services Agreement").

5. The indemnification provision under the Staffing Services Agreement obligates J.D. Workforce to indemnify Bingo Wholesale and defendant Weiss, as a member of Bingo Wholesale, in connection with any "claims, demands, damages, actions, causes of action, suits, losses, judgments, obligations and any liabilities, costs, and expenses ("Claims") including, but not limited to … Workforce's failure to comply with any federal, state and local law applicable to the Workforce Employees (including those regulating hours of work, the payment of minimum wages, overtime, the provision of wage notices, and employment discrimination), as well as for investigative and repair costs, attorneys' fees, and costs, and consultant fees associated with such Claims, which arise or are in any way connected with the work performed, … or provided to the Customer by Workforce, or the Workforce Employees supplied by Workforce." (ECF Doc. 95-5 at 7.1.)

6. Under the Staffing Services Agreement, J.D. Workforce acknowledged, *inter alia*, that J.D. Workforce, is the sole employer of the Workforce employees and that Bingo Wholesale **is not** a joint employer with J.D. Workforce. (ECF Doc. 95-5 at Sec. 1.)

7. Pursuant to the Staffing Services Agreement, J.D. Workforce was responsible for, among other things, hiring, maintaining payroll, calculating wages and withholding taxes, and agreed

to comply with all applicable federal and local laws and regulations applicable to Workforce employees including FLSA, NYLL, ADA and NYSHRL. (ECF Doc. 95-5 at Sec. 2.1 and 2.2.)

8. Bingo Defendants/Cross-Claimants assert that Co-Defendant J.D. Workforce is solely responsible for the alleged acts underlying Plaintiffs' claims, and liable to Bingo Defendants for contractual indemnification, including for damage suffered and incurred by Bingo Defendants/Cross-Claimants, attorneys' fees and costs incurred by Bingo Defendants/Cross-Claimants in defending against all claims asserted by Plaintiffs and the putative FLSA Collective Action Members and Class recover against Bingo Defendants/Cross-Claimants, whether in judgment or settlement.

9. In failing to file a response to Bingo Defendants/Cross-Claimants' crossclaim, defendant J.D. Workforce is precluded from raising any defenses to its indemnification obligations under the Staffing Services Agreements.

Dated: New York, New York
September 15, 2026

Respectfully submitted,

By: /s/ *Paula Lopez*_________

Paula Lopez, Esq.
Allyn & Fortuna LLP
*Attorneys for Bingo Defendants*
400 Madison Avenue, Suite 10D
New York, New York 10017
(212) 213-8844
(212) 213-3318 (fax)
plopez@allynfortuna.com